**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3691-15T4

CRAIG MARA,

    Petitioner-Appellant,

v.

UNITED PARCEL SERVICE,

    Respondent-Respondent.

_____

Submitted July 25, 2017 — Decided August 4, 2017

Before Judges Reisner and Suter.

On appeal from the New Jersey Department of
Labor and Workforce Development, Division of
Workers' Compensation, Claim Petition No.
2011-6018.

Shebell & Shebell, LLC, attorneys for
appellant (Raymond P. Shebell, of counsel;
Danielle S. Chandonnet, on the brief).

Brown & Connery, LLP, attorneys for respondent
(Stephanie L. Meredith, on the brief).

PER CURIAM

    Petitioner Craig Mara appeals from a March 31, 2016 order

entered by a Judge of Workers' Compensation, dismissing as untimely

his petition seeking compensation from his employer, United Parcel

Service (UPS).  We affirm.

N.J.S.A. 34:15-34 generally requires that a compensation petition must be filed "within 2 years after the date on which the claimant first knew the nature of the disability and its relation to the employment." Ibid.  However, if the employer or its insurer pays or agrees to pay compensation, a petition must be filed within two years after the last payment, or within two years after the employer or insurer fails to make payment. Ibid.  The purpose of the latter provision is to prevent an employer or its workers' compensation insurer from lulling an employee into delaying in filing a petition.  See Sheffield v. Schering Plough Corp., 146 N.J. 442, 453-54 (1996).

In the workers' compensation hearing, Mara claimed that he did not realize his knee condition was work-related until after he had surgery in 2010 and, therefore, his petition was timely. He also argued that the two-year time limit was tolled because his employer-provided regular health insurance paid for some treatments to his knees.

Following a testimonial hearing, the compensation judge found that Mara, who began working as a package car driver in 1983, knew as early as 2006 that his knee pain was related to his work.  In fact, his personal chiropractor, Dr. Ruth, who had been treating Mara for knee pain since 2003, had so advised him.

The judge found that Mara had surgery for a torn left knee medial meniscus about ten years before the hearing, and thereafter wore a brace on that knee. At the hearing, Mara admitted telling his doctor that he felt pain in his left knee when driving and moving around at work, and also had problems with his right knee at work. He admitted telling Dr. Ruth that his work activities were causing him problems with both knees.

Mara had bilateral knee replacement surgery in 2010, and thereafter, transferred to a clerical position because he could no longer function as a package car driver. He filed a claim petition in 2011. Because Mara was aware, since at least 2006, that his knee problems were work-related, the compensation judge found that his claim was barred under N.J.S.A. 34:15-34.

The compensation judge rejected petitioner's argument, that the two-year time limit was tolled because his employer-provided private health insurance paid for his knee treatment and surgery. She based that conclusion on evidence that the employer's basic health insurance plan was completely separate from its workers' compensation plan, and there was no evidence "that petitioner . . . was unaware of respondent's workers' compensation plan." She found that neither the employer nor its insurer had done anything to lull Mara into believing that his receipt of ordinary health insurance coverage, which paid for his knee treatments,

somehow constituted payment, or an agreement to pay, workers' compensation benefits.

Having reviewed the record, we find that the compensation judge's decision is supported by sufficient credible evidence. See Earl v. Johnson & Johnson, 158 N.J. 155, 161 (1999). Considerably more than two years prior to his 2011 petition, Mara was well aware that the problems in both his knees were work-related. Long before the 2010 knee replacements, the problem with at least one knee was sufficiently severe as to require surgery to repair a torn meniscus. Moreover, we agree with the compensation judge that the employer did nothing to lull Mara into delaying the filing of his petition. We therefore find no basis to disturb the judge's finding that Mara's claim was untimely.

Asserting a new legal theory on appeal, Mara now claims that his petition should be deemed timely because he did not realize the extent of his disability until he had the 2011 knee surgery. Because Mara did not raise the claim in the compensation court, the employer had no opportunity to make a factual record to rebut the argument, and the compensation judge had no opportunity to address it. Ordinarily, we will not consider an argument raised for the first time on appeal, and we decline to depart from that salutary rule here. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3691-15T4